UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELINA LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC doing business as MR. COOPER,<br><br>    Defendant. | Civ. No. 22-6384 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (DE 5)[1] of Nationstar Mortgage LLC doing business as Mr. Cooper ("Nationstar") to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion of Nationstar is **GRANTED** and the complaint is dismissed without prejudice to amendment.

**I.    BACKGROUND**

On September 28, 2018, plaintiff Angelina Lopez executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Nationwide Mortgage Bankers, Inc. (Pack Cert. Ex. B.)[2] On April 16, 2019,

---

[1]    Certain citations to the record are abbreviated as follows:

DE = docket entry

Compl. = Complaint (DE 1)

Mot. = Nationstar's Motion to Dismiss (DE 5)

Pack Cert. = Certification of Brandon Pack in Support of Nationstar's Motion to Dismiss (DE 5-2)

Op. Br. = Lopez's Opposition to the Motion to Dismiss (DE 7)

[2]    I consider the mortgage for background purposes. In any event, the mortgage attached to the Pack Certification is recorded in the Office of the Clerk/Register of the County of Union and is part of the public record. No party disputes the authenticity of this document or denies that it is the mortgage at issue in this case. Therefore, I may consider the mortgage in this motion to dismiss. *See Schmidt v. Skolas*, 770 F.3d 241,

Mortgage Electronic Registration Systems, Inc. as Nominee for Nationwide Mortgage Bankers, Inc. assigned its rights and interest in the mortgage to Nationstar. (Pack Cert. Ex. C.)[3] At some point, Lopez was alleged to have defaulted on her mortgage. (Compl. ¶ 2(A).) On July 10, 2019, Nationstar initiated a foreclosure proceeding against Lopez in the Superior Court of New Jersey, Union County, under docket number F-012415-19. (*Id.*)

In order to resolve the alleged default, Lopez submitted a loss mitigation application to Nationstar on or about October 5, 2021. (*Id.* at ¶¶ 2(C), (F).) Nationstar acknowledged receipt of the loan modification application on or about October 30, 2021.[4] (*Id.* at ¶ 2(G).) Then, on December 2, 2021, Nationstar sent Lopez a letter advising her that her loan modification application was denied. (*Id.* at ¶ 2(I).) The letter states the following reason for the denial:

> **You were not approved for the following retention option(s).** . . . **HAMP FHA** - Declined. **Denial Reason:** Ineligible Mortgage. . . . We are unable to offer you a modification because one or more of the basic eligibility criteria of the modification program was not met. Your mortgage loan: originated after January 1st, 2009, originated less than 12 months prior to when we evaluated for a modification, is not secured by a one to four-unit property, is not a first lien mortgage, or has a current unpaid principal balance

---

249 (3d Cir. 2014) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.").

[3]   Similarly, the assignment of mortgage is part of the public record, having been recorded in the Office of the Clerk/Register of the County of Union, and no party disputes its authenticity.

[4]   In support of each count of the complaint, Lopez later states that Nationstar did not acknowledge receipt of the loan modification application until November 15, 2021. (*See* Compl. Count One ¶ 2(b); Count Two ¶ 13(b); Count Three ¶ 27(b); Count Four ¶ 39(b).) This discrepancy is discussed more below.

>  (UPB) higher than the program limit (Limits: 1 Unit - $729,750, 2 Units - $934,200, 3 Units - $1,129,250, and 4 Units - $1,403,40).

(*Id.* at Ex. 3.)[5] On December 13, 2021, Lopez appealed Nationstar's determination. (*Id.* at ¶ 2(K) & Ex. 4.) On December 29, 2021, Nationstar acknowledged via written response that its original reason for the denial was incorrect. Instead, Nationstar deemed Lopez's mortgage ineligible "due to the customer not making at least four (4) payments since the origination of the loan." (*Id.* at ¶ 2(L) & Ex. 5.) Lopez attempted to impress upon Nationstar that its reason for denial was improper, but Nationstar ignored her attempts. (*Id.* at ¶ 2(O).) Lopez is now facing the loss of her home. (*Id.* at ¶ 2(R).)

On November 1, 2022, Lopez filed her complaint asserting four counts: common law negligence and/or reckless indifference and/or intentional misrepresentation (Count One); breach of contract and breach of good faith and fair dealing (Count Two); common law fraud and/or violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. 56:8-1 *et seq.* (Count Three); and violations of the Truth-in-Lending Act and Real Estate Settlement and Procedures Act (Count Four). (DE 1.) On December 21, 2022, Nationstar filed its motion to dismiss. (DE 5.) On January 20, 2023, Lopez filed her opposition to the motion to dismiss, to which Nationstar replied. (DE 7, 8.)

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). On such a motion, the well-pleaded factual allegations of the complaint must be taken as true, with all reasonable inferences drawn in plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

---

[5]     Because Lopez attaches this letter to her complaint, I may consider it on a motion to dismiss. See *Schmidt*, 770 F.3d at 249.

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, demonstrating that it is "plausible on its face." *See Twombly*, 550 U.S. at 570; *see also Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). This entails "plead[ing] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.* Stated differently, in reviewing the well-pleaded factual allegations and assuming their veracity, this Court must "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

## III.     DISCUSSION

### A. Real Estate Settlement Practices Act

Count Four alleges violations of the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and Regulation X, 12 C.F.R. § 1024 *et seq.*, which was promulgated under RESPA. Nationstar asks this Court to dismiss Lopez's RESPA claim because the complaint "offers only conclusory allegations that Defendant supposedly engaged in conduct that violates the statutes or their regulations." (Mot. p. 13.) Additionally, Nationstar seeks dismissal of the RESPA claim because Lopez "has offered no plausible allegation as to how her alleged damages resulted from any alleged acts or omissions of Defendant in violation of the statutes." (*Id.* p. 14.) Defendants contend that any damages suffered by Lopez "are the result of her failure to make the required monthly payments under the Loan." (*Id.*) For the reasons discussed below, Lopez's RESPA claim is dismissed, without prejudice.

4

1. **Violations**

RESPA is "a consumer protection statute that regulates the real estate settlement process." *Jones v. ABN Amro Mortg. Grp., Inc.*, 606 F.3d 119, 124 (3d Cir. 2010) (citing 12 U.S.C. § 2605). "Congress has explicitly authorized a private right of action for a borrower to enforce RESPA and its regulations, including Regulation X, against a loan servicer." *Lloyd v. New Jersey Hous. & Mortg. Fin. Agency*, 845 F. App'x 139, 144 (3d Cir. 2021) (citing 12 C.F.R. § 1024.41(a) & 12 U.S.C. § 2605(f)). Regulation X sets forth, *inter alia*, a series of requirements that servicers must comply with in servicing a borrower's mortgage loan. Failure to comply with those requirements creates liability for a servicer, and a borrower may then enforce such rights pursuant to 12 U.S.C. § 2605(f). 12 C.F.R. § 1024.41(a).

Count Four of the complaint describes three possible violations of Regulation X. For the following reasons, I conclude that only one of the three alleged instances plausibly supports a claim that Nationstar violated the regulation.

Under Regulation X, a servicer is required to acknowledge receipt of a loss mitigation application within five days:

> If a servicer receives a loss mitigation application 45 days or more before a foreclosure sale, a servicer shall . . . Notify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete.

12 C.F.R. § 1024.41(b)(2)(i). After receiving a complete loss mitigation application, the servicer must provide a determination within 30 days:

> [I]f a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale, then, within 30 days of receiving the complete loss mitigation application, a servicer shall: (i) Evaluate the borrower for all loss mitigation options available to the borrower; and (ii) Provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation

options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage.

12 C.F.R. § 1024.41(c)(1).

Lopez claims that Nationstar violated Regulation X in three ways.

*First*, the complaint alleges that Lopez submitted a complete loan modification application to Nationstar on October 5, 2021, but Nationstar did not acknowledge receipt of the application until November 15, 2021.[6] (Compl. ¶ 39.) If Nationstar did receive the completed loan modification application on October 5, 2021, it was required to acknowledge receipt within five business days, *i.e.*, no later than October 12, 2021. *See* 12 C.F.R. § 1024.41(b)(2)(i). However, Lopez also attaches to her complaint as Exhibit 2 a letter from Nationstar dated October 30, 2021, which states that the letter is in response to Lopez's request for a loss mitigation review and that the loan modification application was completed on October 29, 2021. (*See* Compl. Ex. 2.)[7] That letter directly contradicts the allegations in the complaint. Based on the letter, it would appear that Nationstar did not violate 12 C.F.R. § 1024.41(b)(2)(i) because it acknowledged receipt of the completed loan modification application the next day. The parties do not address this discrepancy in their briefing. Without further clarification, I cannot conclude that Lopez plausibly alleges a violation of 12 C.F.R. § 1024.41(b)(2)(i).

*Second*, the complaint alleges that Nationstar did not provide a determination on Lopez's loan modification application until December 2, 2021, which was more than thirty days after receipt of the completed application. (Compl. ¶ 39.) Again, I note that Exhibit 2, which is attached to the complaint, states that Lopez's loan modification application was not complete until October 29, 2021. (*See id.* at Ex. 2.) However, even accepting that date,

---

[6] I note that paragraph 2 of the complaint states that Nationstar acknowledged receipt of the loan modification application on October 30, 2021. (Compl. ¶ 2.)

[7] Because Lopez attaches this letter to the complaint, I may consider it on a motion to dismiss. See *Schmidt*, 770 F.3d at 249.

6

Nationstar would have been required to provide its determination by November 29, 2021. *See* 12 C.F.R. § 1024.41(c)(1)(ii). According to the complaint, Nationstar did not provide its determination until three days later, on December 2, 2021. (Compl. ¶ 39 & Ex. 3.) Therefore, the complaint plausibly alleges that Nationstar at least technically violated 12 C.F.R. § 1024.41(c)(1)(ii).

*Third*, Lopez alleges that Nationstar denied her loan modification application for an improper reason in violation of 12 C.F.R. § 1024.41(c)(1). (Compl. ¶ 39; Op. Br. pp. 12–13.) In a letter dated December 2, 2021, Nationstar denied Lopez's loan modification application after finding her mortgage was ineligible. (*See* Section I., *supra*; Compl. Ex. 3.) Lopez appealed that determination. (Compl. ¶ 39 & Ex. 4.) On December 29, 2021, Nationstar acknowledged that its original reason for the denial was incorrect and advised Lopez that her mortgage was ineligible for another reason: "due to the customer not making at least four (4) payments since the origination of the loan." (Compl. ¶ 39 & Ex. 5.) Lopez asserts in her complaint that Nationstar's revised reason for denying her application is improper because "the Federal Housing Administration (FHA) removed the 4 payment eligibility seasoning requirements effective August 2021." (Compl. ¶ 39; Op. Br. p. 14.) Therefore, according to Lopez, Nationstar's stated reason for denying her loan modification application is a violation of 12 C.F.R. § 1024.41(c)(1). (Op. Br. pp. 12–13.)

Nationstar's denial of Lopez's loan modification application for an erroneous reason, alone, is insufficient to state a violation of 12 C.F.R. § 1024.41(c)(1). RESPA "requires that servicers provide borrowers with information, not that they necessarily accept a borrower's assertion of error and correct it." *Grembowiec v. Select Portfolio Servicing, Inc.*, No. CV 18-16885, 2019 WL 3183588, at *3 (D.N.J. July 16, 2019) (quoting *McGahey v. Fed. Nat'l Mortg. Ass'n*, 266 F. Supp. 3d 421, 440 (D. Me. 2017) ("[The defendant] could therefore have fulfilled its statutory obligations without correcting the allegedly erroneous [loan modification application] denial . . . .")); *see also* 12 C.F.R. § 1024.41(a) ("Nothing in § 1024.41 imposes a duty on a servicer to provide any

7

borrower with any specific loss mitigation option."). The complaint otherwise contains only conclusory allegations that Nationstar's denial of her loan modification application violated Regulation X. (*See, e.g.*, Compl. ¶ 39 ("Defendant's delayed, failed and refused to generate proper responses as to the proper legal treatment of the Plaintiff's Loan Modification Application"; "Defendant engaged in a course of conduct that prevented the Plaintiff from attempting a cure of her alleged defaulted mortgage, which cure she is entitled to pursue as an offered loss mitigation option, and, also preventing her from seeking alternative remedies by relying on the Defendants' false promises and inducements of prompt, competent and immediate servicing and assistance.").

Furthermore, whether Nationstar's denial of Lopez's loan modification application was erroneous depends on the guidelines found in the Federal Housing Administration's Single Family Housing Policy Handbook 4000.1 ("Handbook 4000.1"). *See* https://www.hud.gov/sites/dfiles/OCHCO/documents/4000.1hsgh-011823.pdf; (Compl. ¶ 39 ("At all times relevant and material hereto the Defendant presented a denial that was not permitted by law as the Federal Housing Administration (FHA) removed the 4 payment eligibility seasoning requirements effective August 2021.")). However, courts have held that "[l]ike other HUD guidelines and regulations, Handbook 4000.1 does not create a private right of action." *Est. of Brantner v. Ocwen Loan Servicing, LLC*, No. 17-cv-582, 2021 WL 3053055, at *9 (W.D. Wash. July 20, 2021).[8] Thus Lopez cannot base her claim solely on a violation of Handbook 4000.1;

---

8   Citing *Dietz v. Quality Loan Serv. Corp. of Wash.*, No. 13-cv-5948, 2014 WL 1245269, at *3 (W.D. Wash. Mar. 25, 2014) (indicating that "HUD regulations do not create an implied cause of action for damages, but may be used only defensively as an affirmative defense to a judicial foreclosure action instituted by the creditor") and *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360 (5th Cir. 1977) (explaining that HUD handbooks are not promulgated for the benefit of mortgagors, but for "HUD-approved mortgagees in servicing HUD-insured home mortgages," and that HUD guidelines address only "the relations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow").

8

additional facts would be needed to plausibly allege that Nationstar's denial of Lopez's loan modification application was a violation of 12 C.F.R. § 1024.41(c)(1).

\*   \*   \*

Thus, Lopez's complaint plausibly alleges one relatively brief delay that may have violated Regulation X. I now turn to whether Lopez has alleged damages as a result of the RESPA violation.

### 2. Damages

Alleging a breach of RESPA duties alone is insufficient to state a claim. *Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 383 (D.N.J. Jan. 25, 2006). A plaintiff must also allege that the breach resulted in "one of two types of damages: (1) actual damages to the borrower as a result of the [servicer's] failure to comply with [Regulation X]; or (2) statutory damages in the case of a pattern or practice of noncompliance with the requirements of [Regulation X]." *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d 778, 781 (D.N.J. 2016); 12 U.S.C. § 2605(f)(1).

I begin with a discussion of actual damages. Actual damages are "amount[s] awarded to a complainant to compensate for a proven injury or loss," or "damages that repay actual losses." *Vallies v. Sky Bank*, 591 F.3d 152, 157 (3d Cir. 2009) (citing Black's Law Dictionary 445 (9th ed. 2009)). In order to plausibly allege actual damages under RESPA, "the borrower has the responsibility to present specific evidence to establish a causal link between the financing institution's violation and [the borrower's] injuries." *Giordano*, 160 F. Supp. 3d at 781.

*First*, Lopez seeks damages for physical and/or emotional harm and other damages due to "anxiety, stress, fear and embarrassment related to the possible loss of their property." (Compl. ¶ 46.) Lopez's conclusory allegation of physical and/or emotional harm is insufficient to establish the necessary causal connection with Nationstar's alleged violation. *See Giordano*, 160 F. Supp. 3d at 784–85 (holding that a plaintiff's allegations of "non-pecuniary

damages caused by the stress, anxiety and emotional distress that occurred when MGC failed to respond to the RFI and QWR letter" were insufficient to establish actual damages "as they do not establish that the alleged distress was 'as a result of' the failure to respond to the RF1/QWR letter as opposed to the financial hardships [the plaintiff] was already experiencing"); *Kareem v. PHH Mortg. Corp.*, No. CV 20-7846 (RBK/MJS), 2022 WL 602922, at *7 (D.N.J. Mar. 1, 2022). Here, Lopez has not specifically tied her physical and/or emotional harm to Nationstar's alleged failure to timely and adequately respond to her loan modification application. Rather, Lopez's allegation of physical and/or emotional harm appears to stem from a general fear that she would lose her home.

*Second*, Lopez seeks damages for "[e]conomic losses associated with the preclusion of their ability to cure any alleged delinquency and/or default by way of proper loss mitigation thereby exposing the Plaintiff to additional interest, late fees, damage to credit, counsel fees and costs." (Compl. ¶ 46.) Here, Lopez appears to be seeking damages associated with the denial of her loan modification application and the potential loss of her home. (*See id.* at ¶¶ 42, 46.) However, RESPA "does not impose an affirmative duty on a servicer to provide any borrower with a specific loss mitigation option." *Grembowiec*, 2019 WL 3183588, at *7 (quoting *McGahey*, 266 F. Supp. 3d at 441); *see* 12 C.F.R. § 1024.41. Lopez does not allege sufficient facts to support that but for Nationstar's violation her loan modification application would have been approved. To put it another way, Nationstar could well have denied her loan modification application without violating Regulation X. *See id.* Additionally, Lopez alleges that she was *exposed* to "additional interest, late fees, damage to credit, counsel fees and costs" as a result of Nationstar's alleged violation, but Lopez fails to state what expenses she incurred, when she incurred those expenses, and if she actually paid them. *See Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 593 (D.N.J. 2016) (dismissing RESPA claim where plaintiff failed to allege that she paid the inflated bills and thereby suffering

harm as a result of overbilling). Therefore, Lopez has not plausibly alleged actual damages as a result of Nationstar denying her loan modification application.

*Third*, Lopez seeks damages for "[o]ther losses as may be revealed during discovery or the trial of this case." (Compl. ¶ 46.) That conclusory allegation is insufficient to support an allegation of actual damages under RESPA.

Having found no actual damages, I turn to whether Lopez has alleged a pattern or practice of noncompliance sufficient to support a claim of statutory damages. I conclude that she has not.

Section 2605(f) provides for statutory damages up to $2,000 per violation "in the case of a pattern or practice of noncompliance with the requirements of this section." 12 U.S.C. § 2605(f). A "pattern or practice" involves "a standard or routine way of operating." *Mehnert v. United States Bank Nat'l Ass'n*, No. 17-cv-4985, 2018 WL 1942523, at *5 (D.N.J. Apr. 23, 2018) (quoting *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009)). "[A] pattern or practice of noncompliance requires more than one alleged violation of RESPA." *Herrera v. Cent. Loan Admin. & Reporting*, No. 17-cv-4774, 2017 WL 4548268, at *4 (D.N.J. Oct. 12, 2017) (citing *Giordano*, 160 F. Supp. 3d at 785). Here, Lopez plausibly alleges only one violation of RESPA, which is insufficient to find that Nationstar engaged in a pattern or practice of noncompliance.

\* \* \*

Because the complaint fails to allege actual damages or a pattern and practice of noncompliance to support statutory damages, I will grant Nationstar's motion to dismiss the RESPA claim in Count Four. This dismissal shall be without prejudice to amendment.

### B. Truth In Lending Act

The Truth in Lending Act ("TILA") "is a federal consumer protection statute, intended to promote the informed use of credit by requiring certain uniform disclosures from creditors." *In re Cmty. Bank of N. Va. & Guar. Nat'l*

*Bank of Tallahassee Second Mortg. Loan Litig.*, 418 F.3d 277, 303 (3d Cir. 2005). In order to state a claim for a TILA violation, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount." *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564 (D.N.J. 2010).

Here, the complaint lacks any factual basis to support a TILA claim. Lopez does not identify any fees or charges that Nationstar failed to disclose. Even construing the TILA liberally in favor of Lopez, *see Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 502 (3d Cir. 1998), I conclude that Lopez has failed to state a claim upon which relief can be granted. Accordingly, Lopez's TILA claim in Count Four is dismissed without prejudice.

### C. Supplemental Jurisdiction

Lopez's claims under RESPA and TILA, which are now dismissed, are the only federal claims in the complaint. All of the remaining claims are state-law claims: common law negligence and/or reckless indifference and/or intentional misrepresentation (Count One); breach of contract and breach of good faith and fair dealing (Count Two); and common law fraud and/or violation of the New Jersey Consumer Fraud Act N.J. Stat. Ann. 56:8-1 *et seq.* (Count Three). It follows that there is no longer a basis for federal-question jurisdiction, because there is no federal claim. *See* 28 U.S.C. § 1331.

As diversity of citizenship has not been alleged,[9] the only remaining candidate for subject matter jurisdiction is supplemental jurisdiction. *See* 28

---

[9] The complaint asserts jurisdiction based solely on 28 U.S.C. § 1331 because "the issue in controversy aris[es] under the Constitution, laws, or treaties of the United States." (Compl. ¶ 1.) For completeness, I note that the complaint also lacks any basis for finding diversity jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that "every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Plaintiff Lopez is alleged to be a resident of New Jersey. (Compl. ¶ 1.) As to defendant Nationstar, because it is a limited liability company, its citizenship is determined by the citizenship of its members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). However, "a plaintiff need not affirmatively allege the citizenship of each member of a

U.S.C. § 1367. For the following reasons, I will not exercise my discretion to retain supplemental jurisdiction over the state law claims.

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c). "[A] court does not err if it declines to exercise supplemental jurisdiction over state claims after it dismisses a federal claim on which its jurisdiction is based in the absence of extraordinary circumstances." *Robert W. Mauthe, M.D., P.C. v. Optum Inc.*, 925 F.3d 129, 135 (3d Cir. 2019). Indeed, where the federal claims that provided the basis for original jurisdiction are dismissed, the court should ordinarily "decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citation omitted); *see Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984) (holding that "pendent [*i.e.*, supplemental] jurisdiction should be declined where the federal claims are no longer viable, absent 'extraordinary circumstances'").

No such extraordinary circumstances or considerations of efficiency and fairness are present here. Lopez's state law claims depend on the same factual allegations as her federal law claims. (*See generally* Compl. pp. 6–20.) Lopez's federal claims are dismissed without prejudice and Lopez may file an amended complaint within 30 days of this opinion. Because Lopez may also amend the facts supporting her state law claims, it is more efficient to decline supplemental jurisdiction now and revisit the issue if and when Lopez files an amended complaint that sets forth a federal-law cause of action.

---

defendant LLC if it is unable to do so after a reasonable investigation." *Id.* at 110. The compliant states that Nationstar's "corporate domicile and alleged authority to do business in the State of New Jersey is unknown." (Compl. ¶ 1.) The complaint does not allege that Lopez engaged in a reasonable investigation to obtain information regarding the citizenship of Nationstar's members. Therefore, the complaint lacks a factual basis for the court to exercise diversity jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, Nationstar's motion to dismiss is **GRANTED**. The complaint is dismissed, without prejudice to the filing of a proposed amended complaint within 30 days. If no proposed amended complaint is filed, this dismissal shall ripen into a dismissal with prejudice.

A separate order will issue.

Dated: August 11, 2023

/s/ Kevin McNulty
_____
**Hon. Kevin McNulty
United States District Judge**